# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

REED ESTERAK and STACEY
ESTERAK, his wife,

    Plaintiffs,                        Case No.:

v.

BARNETT OUTDOORS, LLC,

    Defendant.

_____/

## PLAINTIFFS' ORIGINAL COMPLAINT
## AND DEMAND FOR JURY TRIAL

The Plaintiffs, REED ESTERAK and STACEY ESTERAK, his wife, by their undersigned attorneys, hereby sue the Defendant, BARNETT OUTDOORS, LLC, and allege as follows:

### I. JURISDICTION AND VENUE

1. This action arises under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as Defendant Barnett does business in the State of Florida and a substantial

1

part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district. Specifically, at all times material hereto, the design, manufacture, assembly, testing, inspection, servicing, marketing, distributing, and/or sale of the Barnett QUAD 400 crossbow, serial number R 05313, that is the product at the center of this product liability claim, were performed in Tarpon Springs, Pinellas County, Florida by BARNETT OUTDOORS, LLC.

## II. THE PARTIES

3.     At all times material to this action, Plaintiffs, REED ESTERAK and STACEY ESTERAK were, and still are, citizens of Kendall County, Texas.

4.     At all relevant times, Defendant, BARNETT OUTDOORS, LLC, was a limited liability company organized and existing under the laws of the state of Florida, with its principal place of business at 955 Live Oak Street, Tarpon Springs, Florida 34689. This Defendant can be served with process by delivering the summons and Complaint to Barnett Outdoors, LLC, c/o Corporation Service Company, Registered Agent, 1201 Hays St., Tallahassee, FL 32301.

5. At all relevant times, Defendant, BARNETT OUTDOORS, LLC, was in the business of manufacturing, assembling, marketing, distributing and selling crossbows, including the Barnett QUAD 400 crossbow, serial number R 05313, which is the subject of this Complaint.

6. Defendant, Barnett Outdoors LLC is a single-member limited liability company organized under the laws of the state of Florida. The sole member of Barnett Outdoors LLC is Surge Outdoors, LLC, a limited liability company organized under the laws of the state of Delaware. The members of Surge Outdoors, LLC are DarkHorse Outdoors, LLC, a limited liability company organized under the laws of the state of Delaware. The Members of Darkhorse Outdoors, LLC are Darkhorse Holdings, Inc., and Whitehorse Outdoors, Inc., each of which are organized under the laws of the state of Delaware and have their principal business address in the State of Delaware.

7. Thus, for purposes of jurisdiction, Barnett Outdoors, LLC is a citizen of Delaware.

### III. GENERAL ALLEGATIONS

8. This is a products liability case for damages that arose from injuries suffered by the plaintiff, REED ESTERAK, when the string on his

Barnett QUAD 400 crossbow, serial number R 05313 ("The Crossbow"), which he owned, forcefully came into contact with his left thumb, causing severe injury to his left thumb and hand.

9. On or about November 9, 2019, Plaintiff, REED ESTERAK, was using the Crossbow in accordance with its intended use, as he was in his backyard in Kendall County, Texas, showing a friend how to shoot the Crossbow.

10. On or about November 9, 2019, as the Plaintiff, REED ESTERAK, fired the Crossbow, he was severely injured when the string of the Crossbow came into contact with his left thumb.

11. On or about November 9, 2019, Plaintiff, REED ESTERAK, presented to the Physicians Premier Emergency Room in Bulverde, Texas to seek treatment for the severe laceration to his left thumb, and x-ray imagining performed at the Emergency Department confirmed that Mr. Esterak suffered a fracture of the distal phalanx of his left thumb.

12. On or about November 13, 2019, Plaintiff, REED ESTERAK, presented to Dr. Mark A. Katz at San Antonio Hand to Shoulder Orthopaedic Center for follow-up treatment where they confirmed that the

Plaintiff suffered a left thumb crush injury with complex laceration and nailbed injury, and an open distal phalanx tuft fracture with displacement.

13. On or about November 13, 2019, Dr. Katz discussed with the plaintiff the diagnosis and treatment options, and it was agreed upon that the plaintiff would have surgery on November 18, 2019.

14. On or about November 18, 2019, Plaintiff, REED ESTERAK, presented to Foundation Surgical Hospital of San Antonio for surgery. Dr. Mark Katz performed a left thumb open fracture debridement, reduction of the distal phalanx fracture, and a complex laceration and nail bed repair.

15. The Defendant, BARNETT OUTDOORS, LLC, is in the business of designing, manufacturing, assembling, marketing and selling crossbows for hunting and archery purposes, including the model that injured the Plaintiff, REED ESTERAK. The Crossbow in question was defective when it left the Defendant's possession and control in that it lacked an adequate thumb guard that could have protected the hand that held the crossbow from the string when the bow string was released to shoot the arrow. The Crossbow was also defective in that there were inadequate instructions or warnings concerning the fact that the hand holding the bow was not adequately protected.

16. At all relevant times, BARNETT OUTDOORS, LLC designed, manufactured, assembled, tested, marketed, distributed and/or sold the Crossbow that injured the Plaintiff as alleged herein.

17. At all relevant times, the Crossbow was defective in that, among other things, there was not an adequate thumb guard or protector that would make it less likely that the type of injury sustained, described above, would occur. It also was defective because there were not adequate warnings of dangers or instructions for safe use of the product.

18. At all relevant times, the Defendant knew that the Crossbow was defective and posed an unreasonable and unacceptable risk of harm because it did not adequately guard against thumbs or fingers coming in contact with the fast-moving string capable of severing a person's finger or otherwise causing severe bodily injury. The Defendant also knew or should have known that its product was unreasonably dangerous, and failed to warn of such danger in a manner that would catch the attention of a reasonable consumer such as the Plaintiff.

19. At the time Plaintiff was injured, he was not made aware of the risks and dangers presented by the unprotected crossbow string and the propensity of the string to come in contact with his thumb during his

reasonably foreseeable use of the Crossbow. Had Plaintiff known of the risks and dangers associated with the defects described herein, Plaintiff would not have purchased or used the Crossbow.

20. To the extent that Barnett included any warnings in its owner's manual or packaged with the crossbow, those warnings were ineffective because the crossbow was designed in such a way that a user could very easily and accidentally place their fingers or thumb into the path of the bow string, even if experienced in using crossbows. Despite that knowledge, the Defendant promoted and marketed the Barnett QUAD 400 crossbows, and specifically, the QUAD 400 model, as one of the best crossbows in the world.

## IV. CAUSES OF ACTION

### COUNT I
### (Negligence of Barnett Outdoors, LLC)

21. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 20 in Count I of this Complaint.

21. On or about November 9, 2019, Defendant, BARNETT OUTDOORS, LLC, owed the Plaintiffs a duty to exercise reasonable care in the design, manufacture, assembly, testing, inspection, servicing, marketing, distributing, and/or sale of the Crossbow. Defendant further

7

owed Plaintiffs a duty of care to warn of any condition regarding the crossbow that could and did render the Crossbow unsafe.

22. The injuries to Plaintiff, REED ESTERAK, and resulting damages were proximately caused by the negligence of Defendant, by and through its officers, agents, employees, servants, affiliates and others under its employ and control, in that Defendant breached its aforesaid duties by carelessly failing to properly design, manufacture, assemble, test, inspect, service, market, distribute and sell the crossbow. Defendant further breached its duty to Plaintiff by failing to detect, correct and/or warn or instruct about the dangerous and unsafe characteristics of the crossbow.

23. Specifically, Defendant's acts of negligence include, but are not limited to the

following:

> (a) Negligently designing the crossbow such that a person using the crossbow in a foreseeable manner could place his or his thumb above the rail of the crossbow;
>
> (b) Negligently designing the crossbow without an adequate bar, benchmark, or finger guard that would prevent a user's thumbs or fingers from moving up and in the way of the string of the crossbow;

(c) Negligently marketing the crossbow as safe to use without a finger guard sufficient to protect the user from injury;

(d) Negligently marketing the crossbow by promoting its use without an adequate finger guard sufficient to protect the user from injury;

(e) Negligently marketing the crossbow by failing to adequately warn consumers of the risks and dangers associated with using the crossbow without an adequate finger guard sufficient to protect the user from injury, despite Defendant's actual or constructive knowledge that consumers could place his thumb above the rail of the crossbow;

(f) Negligently failing to test the crossbow to ensure that consumers using it in a foreseeable manner could not place his thumb above the rail of the crossbow; and

(g) Negligently failing to warn Plaintiff, after the crossbow had been purchased, that the product was unreasonably dangerous and defectively designed in that it posed a serious risk to consumers.

24. As the manufacturer of the Crossbow, Defendant had a duty to exercise reasonable care in the design, testing, marketing, warning, and sale of the product. As the foregoing indicates, the Defendant wholly failed in the exercise of its duties to Plaintiff.

25. Plaintiffs specifically plead and will show that there were reasonable, feasible, and safer alternative designs available that were being

used by the competitors of BARNETT OUTDOORS, LLC, long before the crossbow was sold and long before Plaintiff's injury.

26.     As set forth herein, Defendant proximately caused the injuries to Plaintiff, REED ESTERAK. As a result of the injuries to the Plaintiff, Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses, pain and suffering, past and future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

27.     At the time of the incident, which is the basis of this suit, the crossbow was in substantially the same condition as it was when it was placed into the stream of commerce. Neither Plaintiff nor any other person made any modifications to the crossbow after it was purchased.

WHEREFORE, Plaintiffs demand judgment against Defendant, BARNETT OUTDOORS, LLC, for compensatory damages and all other damages to which they may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT II
**(Strict Products Liability-Defective Design and Failure to Warn)**

28. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 27 in Count II of this Complaint.

29. At all material times hereto, Defendant, Barnett Outdoors, LLC, was a "manufacturer" of the crossbow, as defined in Chapter 82.001(3) of the Texas Civil Practices and Remedies Code.

30. At all material times hereto, Defendant was in the business of designing, testing, approving, manufacturing, marketing, distributing, and/or selling the crossbow that is made the basis of this lawsuit into interstate commerce, and did in fact design, test, approve, manufacture, market, distribute, and/or sell and place the crossbow into the stream of commerce. Defendant's conduct in distributing and/or selling the crossbow was solely for commercial purposes.

31. When the crossbow left Defendant's control and was placed into the stream of commerce, the crossbow was unreasonably dangerous, not suitable for its intended purpose, and unsafe by reason of Defendant's defective design, manufacture, assembly, testing, inspection, service, marketing, distribution, and/or sale of the crossbow, and because the

crossbow was marketed, sold and distributed without adequate instructions and/or warnings regarding its defective characteristics. The crossbow remained unchanged from the time it was originally manufactured, distributed and sold by Defendant until it reached Plaintiff.

32. Furthermore, at the time the crossbow was placed into the stream of commerce, Defendant intended that the crossbow would reach members of the public, such as the Plaintiff, REED ESTERAK, and it was, or should have been reasonably expected and foreseeable that the crossbow would be used by persons such as Plaintiff in the manner and application in which it was being used at the time of Plaintiff's injuries, with the expectation and belief that the crossbow was safe for its intended use.

33. On or about November 9, 2019, the crossbow was being operated and used for the purpose and in the manner for which it was designed, manufactured, assembled, tested, inspected, serviced, marketed, distributed, sold and intended to be used, and in a manner foreseeable to Defendant and for which adequate and safe instructions and warnings were required to be issued.

34. Defects in the design, manufacture, assembly, instructions, manuals, and warnings, testing, inspection, service, distribution, and/or

sale of the crossbow, including but not limited to the lack of an adequate bar, benchmark, "safety rail," or adequate finger guard on the crossbow, as well as lack of warning of the dangers thereof, caused the string of the crossbow to suddenly and without warning strike the plaintiff's thumb, resulting in injuries to Plaintiff. Plaintiff had no knowledge of this defective condition and had no reason to suspect that the crossbow was unreasonably dangerous prior to his injuries. Defendant, however, knew, or in the exercise of ordinary care should have known, of the crossbow's defective design and lack of finger guard adequate enough to protect the user's thumb from injury. Additionally, Defendant failed to provide adequate warning of the dangers presented by its product as designed and manufactured.

35. There were technologically and economically feasible alternative designs available at the time the crossbow left the control of Defendant, that were safer than the subject design, and potential means of warning available, and that would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the utility of the crossbow.

36. By reason of the foregoing, the crossbow was dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchases it, and Defendant is strictly liable for the damages sustained by Plaintiff pursuant to the Restatement (Second) of Torts Sections 402A and 402B.

37. As a result of the injuries to Plaintiff, Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses, pain and suffering, past and future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

WHEREFORE, Plaintiffs demand judgment against Defendant, BARNETT OUTDOORS, LLC, for compensatory damages and all other damages to which they may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

### COUNT III
### (Consortium Claim)

38. Plaintiffs reallege and incorporate herein the allegations in paragraphs 1 through 37 in Count III of this Complaint.

39. At all relevant times, Plaintiff, STACEY ESTERAK, was the wife of REED ESTERAK, and, as a result of the injuries sustained by her husband as hereinabove alleged, STACEY ESTERAK, has lost the services, support, protection, companionship, affection and consortium of her husband and will continue to lose said services, companionship, affection and consortium in the future.

40. In addition, as the wife of REED ESTERAK, STACEY ESTERAK has been obligated to pay hospital, medical, and nursing expenses on behalf of her husband.

WHEREFORE, Plaintiffs demand judgment against Defendant, BARNETT OUTDOORS, LLC, for compensatory damages and all other damages to which they may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT IV
### (Exemplary Damages)

41. Plaintiffs reallege and incorporate herein the allegations in Paragraphs 1 through 47 in Count IV of this Complaint.

42. Prior to November 9, 2019, the Defendant had actual knowledge of the dangers of not having adequate thumb protection on its crossbows,

and willfully and/or recklessly disregarded the dangers of not having an adequate thumb guard and willfully and/or recklessly marketed the crossbows in an unreasonably dangerous condition.

43. Despite such knowledge, and in willful, wanton, and reckless disregard for safety, including the safety and well-being of REED ESTERAK, the Defendant nevertheless continued to design, manufacture, assemble, market, distribute, and/or sell the Crossbow with such characteristics; The Defendants allowed the Crossbows to remain in the stream of commerce where they could injure users and failed to warn users of the Crossbow of the potential danger posed by the design of the Crossbow, all to prevent potential lost revenue.

44. As a direct and proximate result of the Defendant's conduct, the Plaintiff, REED ESTERAK, suffered extensive and severe injuries.

45. The Defendant's conduct, as set forth above, was willful and evidenced a reckless indifference and disregard for safety, including the safety and well-being of REED ESTERAK, and as a consequence, of Defendant's gross negligence, Plaintiff is entitled to seek exemplary and punitive damages.

## V. DAMAGES

46. Plaintiffs seek actual and compensatory damages, both in the past and in the future, including but not limited to medical expenses, pain and suffering, lost wages and earning capacity, impairment, disfigurement, deformity, scarring, mental and emotional anguish, loss of consortium, and other damages.

47. Additionally, Plaintiffs seek exemplary/punitive damages against the Defendant in accordance with state and/or federal law.

## VI. PRAYER

Wherefore, Plaintiffs, REED ESTERAK and STACEY ESTERAK, respectfully requests that upon trial of this cause, they recover from the Defendant the following relief:

> (a) Judgment against the Defendant for actual and compensatory damages incurred by Plaintiffs;
>
> (b) Judgment against the Defendant awarding Plaintiffs exemplary/punitive damages;
>
> (c) Judgment against the Defendant awarding Plaintiffs pre-judgment and post judgment interest at the maximum rate permitted by law; and

(d) Such other and further relief to which Plaintiffs may show they are justly entitled.

Dated this 1st day of November, 2021.

                Respectfully submitted,

                _/s/ Joseph H. Saunders_____
                Joseph H. Saunders, Esquire
                Saunders & Walker, P.A.
                3491 Gandy Boulevard N., Suite 200
                Pinellas Park, FL  33781
                (727) 579-4500; FAX (727) 577-9696
                joe@saunderslawyers.com
                carol@saunderslawyers.com
                FBN:  241746 (Attorney for Plaintiff)